UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 13

David Beaumarchais,                                       Case No. 13-62414

    Debtor.                                               Hon. Steven W. Rhodes
_____/

### ORDER DENYING DEBTOR'S MOTION FOR EXPEDITED HEARING

On February 24, 2014, the Debtor filed a motion ("Motion for Stay") (ECF No. 29) to stay the Debtor's former spouse, Julie A. Machiorlatti, from prosecuting a motion that she filed in the Oakland County Circuit Court alleging that she is the holder of a domestic support obligation owed by the Debtor. On the same day, the Debtor also filed a motion ("Motion for Expedited Hearing") (ECF No. 31) requesting an expedited hearing on the Motion for Stay. The Motion for Expedited Hearing alleges that Machiorlatti's motion filed in the Oakland County Circuit Court is not within the exception to the automatic stay provided by § 362(b)(2) of the Bankruptcy Code and, therefore, should not proceed because of the automatic stay of § 362(a). The Motion for Expedited Hearing does not specifically state when the Debtor wishes to have the expedited hearing take place, but does reference a hearing scheduled on Machiorlatti's motion in the Oakland County Circuit Court for Wednesday, February 26, 2014, suggesting that the Debtor wishes to have this Court hold an expedited hearing on the Motion for Stay before February 26, 2014.

Fed. R. Bankr. P. 9006(c)(1) permits the Court to shorten the time for responding to a motion, and to shorten the time for holding a hearing, if there is a showing of cause. In the Court's view, the Motion for Expedited Hearing does not demonstrate sufficient cause to shorten the time for hearing the Motion for Stay to one day, as the Debtor apparently requests, for the following reasons.

First, it is not entirely clear from the Motion for Expedited Hearing precisely what conduct by Machiorlatti would violate the automatic stay. The Motion for Expedited Hearing does not attach a copy of the motion filed by Machiorlatti in Oakland County Circuit Court, so it is impossible to tell whether or not the relief sought by Machiorlatti in such motion falls within an exception to the automatic stay under § 362(b)(2).

Second, even if Machiorlatti's motion does not fall within an exception to the automatic stay under § 362(b)(2), the Motion for Expedited Hearing fails to show that the Debtor will suffer any prejudice if the Oakland County Circuit Court hearing goes forward before the Debtor's Motion for Stay is heard by this Court. If the Debtor believes that Machiorlatti's motion does not fall within an exception to the automatic stay under § 362(b)(2), the Debtor can ask the Oakland County Circuit Court to so rule. While the Oakland County Circuit Court cannot determine whether or not to grant any relief *from* the automatic stay of § 362(a), the Oakland County Circuit Court has concurrent jurisdiction to determine whether the automatic stay of § 362(a) applies, or whether an exception to the automatic stay under § 362(b) applies. Chao v. Hospital Staffing Services, Inc., 270 F.3d 374, 383-84 (6th Cir. 2001). See also Moxon v. Court Appointed Receiver (In re Moxon), No. 05-74864, 2006 WL 846960

(E.D. Mich. Mar. 31, 2006). If the Oakland County Circuit Court determines that the automatic stay of § 362(a) applies to Machiorlatti's motion and that an exception to the automatic stay under § 362(b) does not apply to the motion, then Machiorlatti will be stayed from pursuing any relief in the Oakland County Circuit Court. On the other hand, if the Oakland County Circuit Court determines that the relief sought by Machiorlatti's motion in the Oakland County Circuit Court is within an exception to the automatic stay under § 362(b)(2), then Machiorlatti is free to prosecute her motion.

In sum, the Court concludes that the Motion for Expedited Hearing does not demonstrate sufficient cause under Fed. R. Bankr. P. 9006 to warrant the Court scheduling a hearing on the Debtor's Motion for Stay on one day notice. Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Expedited Hearing (ECF No. 31) is denied.

**Signed on February 25, 2014**

                                                    **/s/ Phillip J. Shefferly**
                                                    **Phillip J. Shefferly**
                                                    **Chief Bankruptcy Judge**
                                                    **Acting in the absence of**
                                                    **Judge Rhodes**